**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

WILLIAM LEE GRANT II,

    Plaintiff,

v.  No. 1:19-cv-01077-JHR

U.S. DEPARTMENT OF DEFENSE, et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER
TRANSFERRING VENUE TO CENTRAL DISTRICT OF ILLINOIS**

**THIS MATTER** comes before the Court on Plaintiff's Civil Liberties Complaint, Doc. 1, filed November 18, 2019 ("Complaint"). For the reasons stated below, the Court concludes the District of New Mexico is not a proper venue for this case and **TRANSFERS** this case to the Central District of Illinois.

Plaintiff states: "Venue is proper pursuant to: 28 USC 1[39]1(e)(1)(A) and 28 USC 1391(b)(3). The Missile Defense Agency is located in New Mexico." Complaint at 4. Section 1391(e)(1)(A) provides that a civil action in which a defendant is an agency of the United States may be brought in any judicial district in which a defendant in the action resides. Section 1391(b)(3) is quoted in the following paragraph. Plaintiff has not established that the District of New Mexico is the proper venue for this case because there are no allegations in the Complaint indicating that the Missile Defense Agency is a defendant in this case, or that any Defendant resides in the District of New Mexico.

The statute governing venue in general states:

**Venue in general.**--A civil action may be brought in—

**(1)** a judicial district in which any defendant resides, if all defendants are residents
of the State in which the district is located;

**(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

**(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. §1391(b). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Plaintiff, who is proceeding *pro se*, lists the U.S. Department of Defense, Central Intelligence Agency, and Special Collection Service, as defendants in the caption of the Complaint. The Complaint alleges: "The Commander-in-Chief (Ronald Reagan) directed the Secretary of Defense to create [Plaintiff] to predict future nuclear attacks." Complaint at 2. The Secretary of Defense "dropped off [Plaintiff] in Springfield, Illinois in 1992." Complaint at 2. Other allegations refer to the actions of State of Illinois officials, Plaintiff's dentist and optometrist, federal officials and other persons.

The Court concludes that the District of New Mexico is not a proper venue for this case under § 1391(b), because there are no allegations that a defendant resides in the District of New Mexico or that any of the events or omissions giving rise to the claim occurred in the District of New Mexico. The Court transfers this case to the Central District of Illinois because some of the events giving rise to this case apparently occurred in or near Springfield, Illinois, where Plaintiff resides, which is located in the Central District of Illinois.

**IT IS ORDERED** that this case is **TRANSFERRED** to the Central District of Illinois.

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE